UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD SALOMON,

          Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,

          Defendants.

Case No.: 2:15-cv-00332-GMN-VCF

**ORDER**

This case comes before the Court through the Petition for Removal, (ECF No. 1), filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Plaintiff Richard Salomon ("Plaintiff") first filed this action in state court on January 5, 2015, seeking to quiet title to the real property located at 1150 N. Buffalo Dr., Unit 1055, Las Vegas, Nevada 89128. (Compl., Ex. 1 to Pet. Removal, ECF No. 1-1). Fannie Mae removed the action pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit Court of Appeals' decision in *Lightfoot v. Cendant Mortgage Corp.*, 769 F.3d 681, 683 (9th Cir. 2014).

On January 18, 2017, the Supreme Court overturned the Ninth Circuit, holding that Fannie Mae's authority to "sue and to be sued, and to complain and to defend in any court of competent jurisdiction, State or Federal," does not confer federal jurisdiction over all cases involving Fannie Mae. *Lightfoot v. Cendant Mortgage Corp.*, 137 S.Ct. 554, 558 (2017). Rather, the Court found that Fannie Mae's charter "permits suit in any [state or] federal court *already endowed* with subject-matter jurisdiction over the suit." *Id.* at 561 (emphasis added). Thus, where removal is based solely on the "sue or be sued" clause in its charter, Fannie Mae fails to establish that a federal district court has jurisdiction over the suit. *Id.* at 564-65.

On March 17, 2017, the Court issued an order to show cause requiring Fannie Mae to show why, in light of the Supreme Court's decision, the case should not be remanded for lack

of jurisdiction. (ECF No. 80).  Both Fannie Mae and Plaintiff responded. (ECF Nos. 81, 83).  For the reasons discussed herein, the Court finds that Fannie Mae has failed to provide a basis for federal jurisdiction, and therefore the case will be remanded to the Clark County District Court.

## I.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).  Section 1332 requires complete diversity among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

## II. DISCUSSION

Fannie Mae argues that even after *Lightfoot*, the Court retains jurisdiction because it had independent valid justifications for jurisdiction at the time of removal. (Fannie Mae Resp. 2:9–12, ECF No. 81). Specifically, Fannie Mae argues that: (1) federal question jurisdiction exists under the coercive action doctrine; and (2) diversity jurisdiction exists because the non-diverse defendants were fraudulently joined. (*Id.* 2:13–27). The Court addresses each argument in turn.

### 1. Federal Question Jurisdiction

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). A narrow exception to this rule exists, however, in the context of certain "coercive" actions for declaratory judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). In such instances, courts look to both the plaintiff's complaint and the "character of the threatened action" in considering federal question jurisdiction. *Id.* "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant . . . would necessarily present a federal question.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 19).

A common application of this doctrine occurs in suits between patent holders and alleged patent infringers. *See, e.g., Medtronic Inc.*, 134 S. Ct. at 843. In such suits, an alleged infringer may file an action seeking a declaratory judgment that he is not violating any patents, or that the patents at issue are invalid. Because this declaratory judgment is meant to defend against an eventual claim against the plaintiff for patent infringement, federal courts have consistently recognized jurisdiction on the theory that an infringement suit by the defendant

would clearly raise a federal question. *See Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27 n. 19.

In this case, Fannie Mae argues that it—like the defendant in *Medtronic*—is a defendant in a declaratory judgment suit who had a viable and related federal claim against Plaintiff. Specifically, Fannie Mae argues that it "could have asserted quiet title and declaratory judgment claims . . . seeking recognition that the HOA Sale did not extinguish the Deed of Trust." (Fannie Mae Resp. 5:25–27). According to Fannie Mae, these claims would have been proper in federal court under 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar"). (*Id.* 2:20–23).

The "threatened actions" that Fannie Mae identifies are distinguishable from the "coercive action" framework detailed above. Declaratory actions, such as a claim for quiet title, do not implicate the same considerations as coercive actions.[1] *See Medtronic Inc.*, 134 S. Ct. at 848. Notably, the unique nature of declaratory actions (i.e. that they are often used to establish a defense to an impending coercive suit) is what gave rise to the coercive action doctrine in the first place. *See Thunder Properties, Inc. v. Treadway*, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017). At its core, the doctrine emerged to *prevent* declaratory judgment plaintiffs from litigating in federal court in order to establish defenses for state court. *See Wycoff*, 344 U.S. at 248 ("Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.").

The distinction between a coercive suit and a declaratory suit is a meaningful one: "In the declaratory judgment context, whether a federal question exists is determined by reference

---

[1] Fannie Mae points out, and the Court notes, that the Ninth Circuit has referred to quiet title actions as coercive in passing. Nonetheless, this does not change the declaratory nature of quiet title claims. *See, e.g., Samuel C. Johnson 1988 Trust v. Bayfield County, Wis.*, 649 F.3d 799 (7th Cir. 2011) ("[Q]uiet title is functionally a form of declaratory-judgment action").

to a hypothetical *non-declaratory* suit (i.e., a suit for coercive relief) between the same parties." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (emphasis added); *see also Koniag, Inc. v. Andrew Airways, Inc.*, 2014 WL 4926344, at *3 (D. Alaska Sept. 30, 2014) (approvingly citing *Chase Bank*, and determining that declaratory actions are distinct from coercive ones under the *Medtronic* framework).

Here, the face of Plaintiff's complaint contains only claims based on state law, and Fannie Mae has not convincingly shown an exception to the well-pleaded complaint rule.  By its own admission, Fannie Mae acknowledges that the Federal Foreclosure Bar does not create an independent cause of action. (Fannie Mae Resp. 8:25–27).  In this sense, the provision more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Properties, Inc.,* 2017 WL 899961, at *3 (rejecting Fannie Mae's argument that the coercive action doctrine establishes federal jurisdiction in a similar case).  Accordingly, the Court finds that Fannie Mae has failed to establish federal question jurisdiction in this action.

### 2. Diversity Jurisdiction

To establish diversity jurisdiction, the removing party must generally demonstrate that there was complete diversity among the parties at the time of removal. *See Morris*, 236 F.3d at 1067.  "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.*  "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).  "In such a case, the

district court may ignore the presence of that defendant for purposes of establishing diversity." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Fannie Mae argues that the non-diverse defendants—the Garcias (former owners of the property at issue) and Bank of Nevada—were fraudulently joined. (Fannie Mae Resp. 9:11–14). Specifically, Fannie Mae argues that Plaintiff failed to state a claim against these defendants, and therefore the Court should disregard them for diversity jurisdiction purposes. (*Id.* 10:1–5).

The Ninth Circuit has already addressed the fraudulent joinder issue in the context of Nevada foreclosure law. *See Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110 (9th Cir. 2016) (finding it was not fraudulent to name the prior owner as a defendant because "[the prior owner] could still assert an interest in the property by challenging the HOA foreclosure sale on equitable grounds."). Moreover, even if fraudulent joinder were applicable, Fannie Mae cannot now allege a new substantive basis for removal. *See Arco Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montant*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("[A]mendment may be permitted . . . if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."). Accordingly, the Court finds that Fannie Mae has failed to establish federal diversity jurisdiction in this action.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that this case is **remanded** to the Clark County District Court for lack of federal subject matter jurisdiction.

The Clerk of Court shall enter judgment accordingly.

**DATED** this  31  day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court